uh we'll now move to the second case on our calendar this morning that is in Ray Tronix Mr. Haddad are you here yes your honor you can see and hear me in the panel all right yes I can good uh and Mr. Johnson yes your honor good all right I can see you loud and clear and hear you loud and clear so um great so you've each got 10 minutes Mr. Haddad you've reserved two minutes for rebuttal the floor is yours you may proceed thank you your honor may it please the court Richard Haddad for the plaintiff Stanley Woleski who sues on his own behalf and on behalf of 4,300 similarly situated individuals and decedents of states we ask that the lower court's orders denying remand be vacated and that this action be remanded to the Luzerne County Pennsylvania court and that is because there's no federal question jurisdiction over this Pennsylvania state law case between Pennsylvania residents concerning a contract entered into and executed in Pennsylvania and admittedly governed by Pennsylvania law Mr. Haddad when you say there's no federal jurisdiction are you saying there's not even related to non-court jurisdiction are you that yes there is non-court jurisdiction but then it would be subject to mandatory abstention well we were actually going to make that argument below but the defendant who initially suggested in their removal petition that it was related to jurisdiction actually abandoned that argument and therefore if they were not arguing and there was no related to jurisdiction the for jurisdiction that's asserted here and which was found below is arising in jurisdiction and the reason why arising in jurisdiction fails is because this is a case between two non-bankruptcy estate parties it's not brought by or against the debtor or the estate it does not affect and it cannot affect and that's critical it cannot affect the debtor or the estate it does not involve a Mr. Woleski was paid by the debtor or paid by the estate it does not involve the type of claim or case that could exist only in bankruptcy like a bankruptcy preference for example it does not relate to a still pending bankruptcy it relates to claims that council that was retained by the plaintiff or plaintiff's class didn't do what they were supposed to do in the case in any malpractice case except that except that when uh they participated they they had someone put on the the committee of creditors and ultimately a distribution scheme was uh approved there was an opportunity to object to that distribution scheme as to whether it was fair and inequitable and yet you seek to relitigate that it was unfair to your clients uh in state out of the bankruptcy proceeding uh for several reasons number one the fact that the attorney got involved with the representing of a member of the creditors committee is itself a breach because that breached the contract pursuant to which the law firm agreed to represent Mr. Woleski not to be the attorney for the situation not the conflict between one of the tort plaintiffs and the rest that was on the committee and the rest of the plaintiffs don't they all have the identical interests uh no no they don't and here's the the the factual reason which would be explored why Mr. Walensky would seek in the bankruptcy not to be treated in the same class with all the others all the other plaintiffs right and and those are why didn't he object in the bankruptcy and and free himself of that settlement because his lawyers were were on the wrong side of the but he does have one now but at the time when you have an attorney and that attorney seeks to take on a conflicting representation it's the attorney's obligation to advise the client of the conflict and leave it to the conflict the attorney the client to decide whether to waive the conflict or perhaps to participate in that proceeding none of this was done how is he conflicted how is your client's claim different from the other evoke the plaintiffs because under no no my client's claim is the same as the evoke of plaintiffs my client so from other state other state plaintiffs wait so wait a second now that you've told me that then it's the whole class of evoke the plaintiffs who were wrong by this lawyer yes and that's the basis upon which and that would be clearly an exquisite ground to object to in bankruptcy court that the settlement should not be approved that happens all the time yes but usually your lawyer is not the guy or person who is preparing the improper statement who has breached its duty to represent mr. oleski and the class plaintiffs exclusively mr hadad yes sir isn't your point that whatever happens in the pennsylvania case if it proceeds is not going to have any impact on the bankruptcy estate or what's been paid out uh or anything it's all going to come out of the lawyer's pocket right that's exactly right your honor it does not challenge the bankruptcy plan the estate the leases the claims the distributions or the orders or settlements or the outcome of the bankruptcy case those are done those are final doesn't it that the settlement as the evoke of plaintiffs was unfair to them the claim is a breach of contract claim oh just answer my question doesn't it claim that the settlement in bankruptcy court as the evoke of plaintiffs was unfair to them resulting from the plaintiff's breach from the defendant's breach uh yes the reason i think to be a yes yes your honor and here's okay so let me ask you a question then how does that not call into question the bankruptcy court's approval of the settlement because your honor there's five or six different breaches but in particular in any instance under your honor's hypothetical under your honor's statement or your question in any instance in which a client wished to sue its attorney in connection with a bankruptcy case you would say well then it must be related it must be arising in jurisdiction necessarily but you're going the other way you're going the other way on that you're saying that as long as the money isn't coming out of the bankruptcy estate there's a hard and fast rule that says it doesn't arise in the bankruptcy case and it's almost like a rooker feldman analysis isn't it it's like if the federal if the state court judgment would impugn the integrity of the bankruptcy process even if it doesn't cost the holders of the estate or the rises in arose in the bankruptcy case no because it does not impugn the integrity at all those orders are done final and they're and they're finished and the supreme court in the gun case and its patent it was patent jurisdictions it's analogous that the supreme court said it does not it does not impact those federal court rulings because those rulings are those rulings and it's the state that has the particular interest in governing the issues of between an attorney and its client and regulating attorneys conduct in the extended stay case judge laura taylor swain wrote about referencing this court's decision in the baker case and said that arising in jurisdiction of a professional malpractice case turns on court appointment of the professional the interrelationship of the alleged malpractice with the court's supervision of the male of the professional and the integrity of the administration of the of the case well let me let me stop you there i mean i we understand all that but i mean it seems to me your real point is that any malpractice case is alleging that what ultimately happened in whatever proceeding a bankruptcy court or a district court or a state court was the wrong result but you don't usually say that that impugns the integrity of the judgment that got issued right and we're not correct your honor and we're we're not saying that and nor does it automatically go back to that original judge who may or may not have views on on what occurred no one is questioning or challenging what the what the bankruptcy judge actually did the questions and challenges here are with respect to whether this plaintiff breached its contract to its client and that context we see a distinction and we ask this court to enter an order consistent with what judge laura taylor swain wrote in the extended state case mr haddad will just indulge me for one more question i just want to say isn't there a distinction between a creditor who's injured by malpractice in the bankruptcy court and doesn't get his hundred dollars or his thousand dollars or his hundred thousand dollars or his million dollars and 4,300 plaintiffs who are treated differently and it totally impugns the integrity of the bankruptcy process even though it doesn't cost the estate anything isn't there a difference there no it first of all the case is whether you're one plaintiff or 4,300 plaintiffs from a jurisdictional perspective that makes no difference and and secondly the 43 the one or the 4,300 people are not impugning the integrity of the bankruptcy case they are saying that this lawyer that these attorneys breached their written contract to represent us and only us and and for that the case uh there there should be no uh federal jurisdiction and the case should be remanded to the pennsylvania state court all right thank you well thank you you've reserved two minutes for rebuttal we'll now hear from mr johnson it sounds like mr haddad is impugning the integrity or certainly ability of your clients uh whether he's also impugning the integrity of the court is one we'll pick up with you so mr johnson you may be thank you your honor and may it please the court my name is robert johnson and i have the privilege of representing the athletes in this case the law firm of montgomery mccracken walker and roads and its then partners natalie ramsey and leonard busby and starting with that point uh your honor uh the appellants claim that there is no bankruptcy court jurisdiction unfortunately turns on an extraordinarily form over substance constricted reading of what constitutes arising in jurisdiction instead of doing what baker versus of the alleged wrongdoer and the effect of that wrongdoer's work on the bankruptcy estate the appellant is asking the court to focus strictly on the form of whether the defendant was court appointed which is not the language that all of these opinions use uh and is attempting to totally ignore my client's role in this case the appellant also ignores the recognition that this court made even prior to controlling precedent in baker v simpson that congress intended to define core bankruptcy proceedings as expansively as possible instead of acknowledging that expansive jurisdiction the appellant is asking the court to construe narrowly which is not permitted by any of the binding or persuasive precedent and i i find it interesting that that in an effort to hide from congressional intent that core proceedings be defined broadly the appellant spent five pages in its opening brief focusing on completely irrelevant non-bankruptcy precedent and even spent part of the the precious eight minutes that the court provided to him to explain to the court why patent law is analogous and why this panel should look at that when there is plenty of bankruptcy jurisdiction law from this circuit from the district courts in this circuit and from other circuits that are consistent with baker v simpson and then went on at length in the brief to discuss just general federal claims mr johnson i need to ask you a practical question i understand the parties have not litigated what would happen if there was no arising in jurisdiction would i suppose one thing we could do is we could dismiss the case outright but if in fact there is related to non-core jurisdiction we'd probably have to be mad i don't think we just for lack of jurisdiction when there may well be a basis at this stage of the case we'd have to to the district court and maybe the district court would remand to the bankruptcy court to determine what the effect of the related to jurisdiction is and what would happen there isn't it clear that there's related to jurisdiction if nothing else well i don't think we can avoid that question because it's a subject matter jurisdiction question even though the parties have not litigated uh judge cogan you're correct that absolutely at a minimum there would be related to jurisdiction however on a remand that would then be subject to a mandatory abstention analysis and most likely the result there would be that whether it was the district court or back down to the bankruptcy court would have to conclude yes there is relating to jurisdiction but mandatory abstention applies there are very few exceptions to that the reality however is the reason why that it's abundantly clear that there is a rising in jurisdiction so i think as a procedural step you would have to remand first within the federal system and it would be to the district court but the court need never get to that step and the reason for it is because the precedent in this circuit and persuasive precedent and others indicates that when you have a defendant that effect on the administration of the bankruptcy that my client undisputedly did as demonstrated by the allegations of the complaint and the amended complaint it clearly impacts the integrity of the bankruptcy process and thus is subject to a rising in jurisdiction and what do you say that so it's unclear to me why it impacts the integrity of the bankruptcy system any more than malpractice in a contract case impugns the integrity of a district court or commercial division court that resolved the case against a plaintiff very simple judge sullivan the reason for that is because the conduct of my client which is now suddenly after getting mr haddad's clients over 130 million dollars that wasn't simply directed to those clients it was directed to the creation of the tort claims trust which accounted for 12 percent of 683 million dollars of the largest asset in the bankruptcy estate but malpractice is in the commercial case will be responsible for a hundred percent of the the reward or lack of award so why why does the court not get a black eye in the general malpractice case we don't worry about it i mean if you do a lousy job here and they bring a malpractice action against you i'm not going to lose a lot of sleep over it um that's just the way it goes so why is the bankruptcy court different because your honor in the standard commercial situation uh the only party that is impacted by that malpractice is the client that's not the case that you have here because my clients alleged wrongdoing didn't simply impact the 4300 evoca plaintiffs it impacted the entire distribution scheme for that 683 million dollars for the better right i mean as far as those other parties are concerned that they did better because your client did such a bad job for his own clients right perhaps your honor but arguably that still impacts the integrity of the process because if the argument is that the mr walesky and his colleagues were unduly affected that means somebody recovered from the bankruptcy estate when it shouldn't and this falls squarely basically what they're saying is my client was so incompetent uh that judge gropper and then judge wiles on the bankruptcy court uh messed up the process and that's completely consistent with other cases including baker v simpson which was filed after the bankruptcy was closed clearly was not going to affect distribution of funds because they had already been the difference of course is and this is the point mr haddad makes is that in baker uh it's the court that appointed this lawyer so yeah you might get a black eye when you pick the lawyer and uh that lawyer turned out to be ineffective well your honor let's let's take a look at the allegations of the complaint then with regard to my client i mean first and foremost of course and the appellant wants to run away from it paragraph 53 of the complaint alleges that my client was court approved and as a matter of fact while they're trying to run away from that that's true uh as judge wesley noted during mr haddad's argument there is you don't get on the unsecured creditors committee without approval but it goes beyond that as alleged in the complaint the amended complaint my client actually was paid out of debt or assets my client was awarded a two hundred thousand dollar fee uh in the form of a substantial contribution award why were they awarded that because unlike the kind of claim that appellants council wants this court to analogize the current situation to in this situation my client's work is alleged to have actually been adopted into the confirmed plan and in fact it was because part of the plan confirmation was the establishment of the tort claims trust which the allegations of the complaint say my client wrote and the trust distribution procedures which are the basis for a specific uh claim of malpractice in this case so i i think i'm sorry judge that the difference if if if you had a malpractice claim a lawyer in a bankruptcy by a creditor because they failed to file a claim such that you got cut out and didn't get paid that doesn't go to the actual to the bankruptcy itself and how it functions you've got a claim against the lawyer because he didn't he or she didn't file the claim but this goes to the the entire functioning and the administration of the bankruptcy estate that's i mean this guy was they represented on the credit on they were on the unsecured creditors committee and their claims really run contrary to prove malpractice would run contrary to the findings by the district court or by the bankruptcy court with regard to the fairness and the equitableness of the distributions wouldn't it yes your honor that that's exactly they're going to have to prove that their claims are different from the mississippi plaintiffs and they claim that by including the mississippi so they have to specifically undercut a core determination that legitimize the distribution of them as one class one thing yes absolutely your honor and that is the difference because what what the appellants arguing is something that would overrule a specific order of the bankruptcy judge with regard to the eligibility of the mississippi claimant so this is not a situation in which somebody forgot to file a proof of claim it is one where the impact of the alleged wrongdoing affected distribution to several thousand possibly tens of thousands of claimants in the bankruptcy so you've raised another point i haven't thought of which is as much as it impugns that the substantial contribution order it completely eviscerates right i mean i didn't realize there substantial contribution order approving fees to your client but with that how can a malpractice verdict be consistent with the bankruptcy court's finding there i i would agree your honor because that's a situation where you are saying to a bankruptcy court judge who was impressed enough with my client's work to not only incorporate it into the confirmed plan but to also award funds from the debtor estate and now you're coming back and saying the court never should have done that because the work was performed incompetently and that's consistent with baker v simpson it is also consistent with the abc dentistry case that we filed where it was not the debtor's counsel who was being sued and it's consistent with the matter of murphy case that we cite in which it is once again not the debtor's counsel which in the reply brief uh appellant incorrectly states uh i'm happy to take any further questions from the court uh and otherwise just ask that the court affirm not just i wanted to ask one question in the hypothetical judge wesley gave you so you would agree then that a lawyer who failed to file a claim uh and then was the subject of a malpractice action that would not be your eyes yes absolutely your honor if this was a situation where the evoca claims were barred because my client missed the claims barred deadline and did not file proofs of claims that is a state court malpractice action it does not impact the integrity of the process at all okay all right well thank you uh mr haddad two minutes of rebuttal uh thank you picking up on the last point among the elements of the breach that we are alleging is the failure to file proper proofs of claim the failure to file amended claims the failure to file a motion to set the value of the plaintiff's uh claims the failure to inform the clients of the process set forth in the trust distribution proceedings and ultimately taking on the conflicting representation of the member of the creditor's uh committee a contract that the defendants and plaintiffs that the defendant signed said they contracted to represent the interests of mr walesky and the class not to represent mr carroll was he a member of the evoke of plaintiff class yes he is how's your client his claims under bankruptcy law explain to me how he's conflicted with your client under bankruptcy law if you're put on a creditor's committee you have a fiduciary responsibility to the case you haven't answered my question give me the facts your of your factual allegations that how he is conflicted with mr walensky what is it about his claim that's different from mr walensky's no his claim is as a member of the class the nature of his he had he had creosote exposure right yes and mr walensky had the same exposure did he not yes so then how is his claim conflicting with mr walensky's because his duty as a member of the creditor's committee is to the bankruptcy estate and and mr walesky's duty as the plaintiff's representative is to all the creditors exclusively of the evoker so representing so representing mr walensky's interests no with the other unsecured creditors suddenly makes him conflicted no your mr walensky's was so walensky's interest he was his job on the committee is to represent creditors generally that's the key distinction that all of all mr hada you are familiar enough with bankruptcy practice to know that when a representative creditor is put on a committee like this as a practical matter the first thing they're doing is protecting themselves and because they owe a fiduciary duty like you say all the others who are just like them that's why they're put on the committee to represent those like the claim holders right uh yes but once they once they seek to uh only seek the benefits for themselves then they're violating their duty on the committee the purpose of the committee is as your honor knows is to deal with the case as a whole not just to get the best outcome for mr walensky and the evoker plaintiffs it's it's to minimize the benefits paid to other parties that's the job that the montgomery firm signed up for yet that's the job that that that they abandoned and when we look in the jurisdictional context because we can't say from a jurisdictional binary you got jurisdiction or you don't we don't look at the factors and say maybe this or and balance things we say you have it or or you don't have it and when we look at the cases the second circuit the baker case and every case because we each of them in our briefs the distinction the distinction in the cases is that those who represent estate professionals or deal with the deal with the court orders such as debtor in possession financing or creditors committees they're paid for they're they're governed by the bankruptcy code those claims arise in and others do not and that's the distinction that's two hundred thousand dollars out of the estates that's a breach your honor the fact that they went and did this and took money from the estate breached their duty to the plaintiff and that's not the issue the issue is is it is it arising in the bankruptcy case no right those are all facts to be pleaded and proved in the underlying case it is not to say it belongs in the bankruptcy court because in every bankruptcy case someone gets money someone doesn't get money those are the facts those are not the jurisdictional determinants what's the jurisdictionally determinative is the party the nature of the claim and the breach and are they estate professionals and will it actually impact the estate and this most assuredly will not it will not take one nickel out of the Mississippi plaintiff's hands it will not impact the the distributions to anyone it will not impact the releases or any other outcome uh in the case what i'm concerned about is setting up a malpractice system that effectively second guesses bankruptcy cases it's almost like you have a class action a non-bankruptcy context and then four years later you have an absent class member saying i got shafted by uh the class attorneys because they didn't do a good job and they could have gotten more money and that attacks the class action process that to me is is a is a more analogous um example than patent law well every malpractice case necessarily attacks what went on in the underlying the question is how directly how how big and how directly does it i i don't think it's a hard and fast rule like you're suggesting well i think in this case given the nature of the claim that's asserted here the breach of contract the abandonment of the own client's interest that is a case that belongs under pennsylvania law because that's the contract that that that this law firm uh signed and committed to do and when when you do that and you don't perform the assigned tasks whether it's in the bankruptcy court or the patent court or any or any other court that is not something that arises in bankruptcy and that's the case law distinction that we've seen in in all of the cases throughout the the circuits and the district courts mr hadad right would you not concede that the bankruptcy judge is likely uh a better judge as to whether there was malpractice in light of having overseen the bankruptcy uh well that would be a question that you would have for every judge in every case that i'm just asking that question you would concede that would you not i i would concede that the bankruptcy judge would view himself that way uh yes i would i i might argue that perhaps the bankruptcy judge is is too close to the case uh because it goes to his own orders but if you go forward in pennsylvania uh is there a chance the bankruptcy judge is going to be a witness to explain what what went on in this case and explain why this was uh not malpractice or why the uh there were the harms were there was no prejudice because the the alleged mis uh the less the alleged ineffective counsel didn't result in any detriment to your clients absolutely not and here's why because we have the orders and the orders say what they say those are facts i don't need the judge's opinion as to what the order says because i have the benefit of the order that's a fact what occurred in the case that's a fact that is not something that makes it necessarily sent to the bankruptcy court to decide right but what a jury but what a jury would have to decide is whether or not there was uh malfeasance or misfeasance uh whether there was uh there were errors and what the consequences were uh that's correct and the jury will see the contract the jury will see the conduct the jury will hear expert testimony as to what a lawyer who takes on a representation of one party does if that lawyer violates its uh ethical responsibilities and takes on a conflicting representation without advising the client of what the out of what those risks might be and like in any other case involving any other very technical or not technical issues at all the jury will ultimately make the decision based upon the drive on out to to luzerne county pennsylvania and testify because we got his orders we could read those orders all right and that's the case in each instance so we'd ask that uh that the case be remanded to pennsylvania to undertake that very exercise all right well thank you both uh interesting case well argued and we will reserve decision of course